### In re IRON CLAD MFG. CO.

(District Court, E. D. New York. February 15, 1912.)

1. BANKRUPTCY (§ 116*)—ORDER TO TURN OVER PROPERTY.

On motion in bankruptcy to require third parties to turn over property as belonging to the bankrupt, specific proof as to the identity or value of the property must be made.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 116.*]

2. BANKRUPTCY (§ 116*)—ORDER TO TURN OVER PROPERTY—WHEN PROPER.

Third persons, who have interfered with personalty which was in a bankrupt's possession when the petition in bankruptcy was filed, have the burden to show the right under which they removed the property,

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

and on their failure to make such showing they are properly directed to surrender to the trustee possession of everything shown to have been in the bankrupt's possession when the receiver was appointed.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 116.*]

3. BANKRUPTCY (§ 116*)—CONTEMPT—DISOBEDIENCE OF ORDER TO SURRENDER PROPERTY.

Willful failure to comply with such an order or with a stipulation agreeing to restore possession constitutes a contempt.

[Ed. Note.—For other cases, see Bankruptcy. Dec. Dig. § 116.*]

4. BANKRUPTCY (§ 101*)—CONTEMPT—REMOVAL OF PROPERTY.

Removal and concealment by third persons of property, in contemplation of the appointment of a receiver in bankruptcy, after the filing of the petition, is a contempt against the federal District Court.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 163; Dec. Dig. § 101.*]

5. BANKRUPTCY (§ 116*)—ORDERS FOR SURRENDER OF PROPERTY—PROPRIETY.

In bankruptcy it is improper to order a third person to turn over property stored with a warehouseman, in the absence of any showing that the third person claims as owner or bailee and when the warehouseman has not been brought in.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 116.*]

6. BANKRUPTCY (§ 116*)—SEARCH FOR ASSETS—RIGHT TO MAKE.

Search of a third person's premises for property belonging to the bankrupt is only proper as to specific property or to obtain known assets of the bankrupt.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 116.*]

7. BANKRUPTCY (§ 116*)—CONTEMPT—PUNISHMENT.

In bankruptcy, punishment of third persons for any interference with possession of bankrupt's property should be postponed if the commissioner's report on which application is based deals entirely with the question of possession and makes no specific finding of contemptuous acts.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 116.*]

In the matter of the Iron Clad Manufacturing Company, bankrupt. On review of a Commissioner's report. Report confirmed.

Adolph Kiendl, for petitioner.

James A. Allen, for respondents.

CHATFIELD, District Judge. The present application was made upon an order directing the American Steel Barrel Company and Elizabeth C. Seaman, individually and as an officer thereof, to show cause why certain real property described in the petition, and also certain personal property such as furniture, tools, machinery, books, papers, and articles of that nature, which it was alleged should have been turned over to the receiver of the Iron Clad Manufacturing Company as the property of that company, should not be delivered to this receiver, and why the American Steel Barrel Company and its president, Elizabeth C. Seaman, should not be punished for contempt in failing to deliver this property, and for interfering with the actions of the receiver by concealing property of the Iron Clad Manufacturing Company after knowledge of the bankruptcy proceedings, and in other ways hindering the conduct of the estate and of the bankruptcy proceedings in this court. The American Steel Barrel Company and Mrs.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Seaman, both as its president and as an individual, appeared and opposed the application, and a reference was asked to determine the issues raised by the answering affidavits.

It appears by the record that the petition in bankruptcy was filed against the Iron Clad Manufacturing Company and an order made appointing a receiver upon the 23d day of May, 1911. This order contained no stay nor direction as to the property in the possession of the Iron Clad Manufacturing Company, and the receiver who was then appointed did not qualify and take possession of the premises until the following day, that is, upon May 24th, at which time Mrs. Seaman was present and turned over to the receiver such property as went into his possession at that time. This included a tract of land with factory buildings used as the Iron Clad Manufacturing Company's plant, upon the south side of Cook street, in the borough of Brooklyn. It was alleged in the papers upon which the order to show cause was granted that many articles of personal property, such as machinery, material, books, papers, and an office partition, were removed from the plant of the Iron Clad Manufacturing Company after the signing of the order appointing a receiver, and after Mrs. Seaman and the American Steel Barrel Company, through their attorney, had received notice of that appointment.

The testimony upon the reference shows, and the commissioner has reported, that considerable property was so removed. The testimony also shows that certain real estate situated upon the north side of Cook street, and used by the American Steel Barrel Company, under an alleged lease from the Iron Clad Manufacturing Company, was in reality the property of the Iron Clad Manufacturing Company, and that no valid lease had ever been authorized or executed. A demand upon Mrs. Seaman and the American Steel Barrel Company for the possession of this property was shown, but was not acquiesced in by her on account of the lease claimed.

The commissioner has reported that the title to this property is in the Iron Clad Manufacturing Company, that no valid lease exists, and that the property should be turned over to the receiver. Upon the testimony this finding is plainly correct and should be confirmed. (The receiver has now been superseded by the trustee, who has title as well as the right to possession, and has joined in the present application.)

The receiver has never attempted to take possession of this real estate nor of any of the personal property referred to herein, nor has he applied to this court for a restraining order or direction with respect to so much of that property as was actually in the possession of the Iron Clad Manufacturing Company at the time of the filing of the petition in bankruptcy, except that the order to show cause upon which this proceeding is based restrains the respondents from further removing or disposing of any property of the alleged bankrupt.

But upon the reference a stipulation seems to have been entered into, by which the American Steel Barrel Company and Mrs. Seaman

agreed to return to the Iron Clad Manufacturing Company all of the personal property, books, papers, machinery, and material for manufacturing, of the Iron Clad Manufacturing Company, which was taken out by workmen on the night of May 23d, under Mrs. Seaman's direction, or by employés of the American Steel Barrel Company who were subject to her orders. This property was by this stipulation admitted by her and the American Steel Barrel Company to be the property of the Iron Clad Manufacturing Company. The commissioner reports that this stipulation has not been carried out, and that the American Steel Barrel Company and Mrs. Seaman should be ordered to comply therewith. With respect to this finding the report should be confirmed.

[1] The commissioner has also reported that much of the property above recited, which was apparently removed, could not be identified or described, but that it should be returned. This conclusion would seem to be correct; but, upon a motion to turn over specific property, specific proof as to the identity or value of the property must be shown before a definite order can be made.

[2] In so far as the determination by the commissioner implies that certain personal property was in the possession of the Iron Clad Manufacturing Company and its officers and agents at the time of filing the petition in bankruptcy, that this possession was interfered with by the agents or employés of the American Steel Barrel Company, and that the burden is thereby thrown upon the American Steel Barrel Company, Mrs. Seaman, and their agents, to justify what was done by them after they had notice of the bankruptcy proceedings, it is entirely correct. In this respect, the failure on the part of the American Steel Barrel Company or of Mrs. Seaman to show just what was removed, and that they had a right so to remove it, is sufficient basis for directing the return to the possession of the Iron Clad Manufacturing Company, or the trustee now elected, of everything that can be shown to have been in its possession upon May 23, 1911, when the order appointing the receiver was signed.

[3] A failure to comply with such an order, and to carry out the stipulation made with the commissioner, if willful and if the action be within the power of those so ordered, would be contempt of the authority of this court.

[4] And in so far as any property of the Iron Clad Manufacturing Company, or in its possession prior to taking possession of the plant by the receiver, was removed by any of the parties or their employés, in contemplation of the appointment of the receiver, such removal, concealment, and failure to account for the property is a contempt that is in defiance of the jurisdiction given this court by the filing of the petition, even if the intent did not go so far as to come within the criminal provisions of the statute prohibiting the removal of property so as to conceal it from the trustee.

Certain actions with relation to the possession or tearing down of a stairway and access to the office of the Iron Clad Manufacturing Company, on the part of Mrs. Seaman and some of her workmen, have not been passed upon by the commissioner, and there seems

to be nothing in the testimony from which a finding as to any taking of property of the bankrupt from the receiver, or of any contempt (unless it be for the receiver's comfort and convenience), could be based thereupon. As the commissioner has made no finding, the matter is left open, and the court need not make disposition thereof at this time.

[5] A further question was raised as to certain furniture in a building standing in the name of Elizabeth C. Seaman and used by the American Steel Barrel Company, but which had previously been used by the Iron Clad Manufacturing Company as its office. This furniture Mrs. Seaman claims was purchased with her own money. The furniture does not seem to be in the possession of any one who is a party to these proceedings. The commissioner has reported that after some conversation by Mrs. Seaman with an unknown party, over a telephone, these goods were removed by one of her workmen to a storage warehouse; but no one seems to have been examined who has the storage receipt, and the issue does not seem to have been developed to a point where a definite determination can be had. The storage warehouseman should be brought into court and the goods taken by the trustee, as they had been in the possession of the Iron Clad Manufacturing Company, had been inventoried as its property, and apparently paid for with the Iron Clad Manufacturing Company's money, unless ownership or right to possession is properly claimed by some one. But upon the testimony, and in the absence of any demand upon or claim by Mrs. Seaman as owner or bailee, the finding of the commissioner that *she* and the American Steel Barrel Company should be ordered to turn over this property cannot be sustained.

Upon the whole matter, therefore, in so far as specific articles have been shown in the testimony or in the report of the commissioner to have been in the possession of the Iron Clad Manufacturing Company, and to be now in the possession of the American Steel Barrel Company or of Mrs. Seaman, the report will be confirmed, except as to this furniture, and the trustee may apply further to have the order to show cause extended to the necessary parties so as to bring the question of the custody of the furniture into court, if he so desires. The expense of storing this furniture should not go on indefinitely if the title can be determined.

[6] The order to show cause also asked for a search of the premises of the American Steel Barrel Company for property of the bankrupt; but the commissioner has not reported upon this, and except for the right to carry out the orders of the court in taking possession of specific property, or to obtain known assets of the bankrupt as to which claim was not disputed, no such trespass could be authorized.

[7] The only remaining question is as to any possible punishment for contempt at this time. As has been said, no specific direction to any one with respect to the property in the *possession* of the Iron Clad Manufacturing Company has heretofore been given by this court (except as a restraining order from disposing of its *assets* was

193 F.—50

included in the order to show cause upon which this present application is based, and in so far as an additional restraining order against the disposition of property by the American Steel Barrel Company, unless in the ordinary course of business, was issued upon an application to extend the receivership to that company). Substantially all of the property affected by the present proceeding, with the exception of the personal papers of Robert Seaman, deceased, and of Elizabeth C. Seaman, are covered by a pending motion in which the creditors seek an extension of the receivership of the Iron Clad Manufacturing Company (or now, possession by the trustee) over the property of the American Steel Barrel Company.

A determination of that proceeding in favor of the trustee would make the decision of this motion superfluous except as to the question of contempt. Adjudication has been had in bankruptcy, but an appeal therefrom is now pending. The papers upon the motion to extend the receivership have, within the last few days, been submitted to this court, and consideration of them makes it appear that further delay in determining this motion, so far as the real estate is concerned, is unnecessary and will be prejudicial to the interests of the estate. The other findings of the commissioner upon the present motion are so indefinite as to specific articles of any importance that the question with respect to the real estate is the only one which will be affected immediately; but that is of sufficient importance to be disposed of at once.

The application to punish Mrs. Seaman and the corporation for contempt cannot be finally disposed of at this time. If Mrs. Seaman and the American Steel Barrel Company do not comply with the order based upon the report and this opinion, they will plainly be in contempt of this court, and in so far as they assumed to interfere, after the filing of the petition, with any property in the possession of the alleged bankrupt and did not hold themselves in a position to account to this court for their actions and all property taken by them, they have already acted in contempt of the authority of the court, even though the insolvency of the Iron Clad Manufacturing Company was denied and contested by them.

The order to show cause was based largely upon claims of contemptuous conduct. The report of the commissioner deals entirely with the possession of the property and makes no specific finding of contemptuous acts. It says only that "the respondents the American Steel Barrel Company and Elizabeth C. Seaman, individually and as an officer of said company, are guilty of contempt." But this is so indefinite and the commissioner has so evidently directed his report to the question of obtaining possession of the property alone, that any specific application, based upon these alleged contempts, will be held until it can be seen whether the orders of the court upon the commissioner's report are satisfactorily complied with.

The report will be confirmed as indicated herein.